IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORMA C. HINES,<br><br>    Plaintiff,<br> v.<br><br>SERVICE CORPORATION<br>INTERNATIONAL, d/b/a SERVICE<br>CORPORATION OF ILLINOIS,<br><br>    Defendant. | Case No. 08 C 856<br><br>Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Norma C. Hines ("Hines"), currently proceeding *pro se*, filed suit against Defendant Service Corporation International ("SCI"), d/b/a SCI Illinois alleging employment discrimination on the basis of race. SCI now moves to dismiss Hines' Complaint with prejudice on the basis that it was untimely filed.

## STATEMENT OF FACTS

On September 14, 2004, Hines filed employment discrimination charges with both the Equal Employment Opportunity Commission ("EEOC") and the State of Illinois Department of Human Rights ("IDHR") alleging that her former employer, SCI, had harassed her and terminated her employment because of her race. Cmplt. at 3-4. The IDHR and the EEOC both dismissed Hines's charges for lack of substantial evidence. *Id*. at 3, 10. On October 25, 2007 the EEOC mailed notification of the dismissal and the right to file suit to Hines's attorney. *Id.* at 3. Hines' attorney forwarded this notification to Hines via as an attachment to an email sent November 9, 2007. *Id*. at 2. In the email, the attorney stated that she retrieved the notification from the post office on November 7, 2007, that Hines's ninety days in which to sue began the day the letter was received,

and that ninety days later would be about February 7, 2008. *Id.* Hines hand-wrote that she received the email notification on November 9, 2007. *Id.* Hines, now proceeding *pro se*, filed her Complaint against SCI on February 8, 2008. *Id.* at 1.[1]

## **STANDARD**

When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not allege all facts involved in the claim. *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). However, in order to survive a motion to dismiss for failure to state a claim, the claim must be supported by facts that, if taken as true, at least plausibly suggest that the plaintiff is entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Such a set of facts must "raise a reasonable expectation that discovery will reveal evidence" of illegality. *Id.* at 1965. Furthermore, the Court must construe a complaint drafted by a *pro se* plaintiff, such as Hines, liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

In considering a motion to dismiss, the Court is restricted to review of the pleadings, which include the complaint, any exhibits attached to the complaint, and supporting briefs. *Thompson v. Illinois Dept. of Professional Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Witke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004) (attachments to a complaint become part of the complaint and are within the scope of review). By attaching documents to a complaint that show that a plaintiff is not

---

[1] Although the Complaint appears to have been filed electronically on February 22, 2008, a stamp indicates that it was actually received on February 8, 2008. For purposes of ruling on SCI's Motion to Dismiss the Court will assume that Hines filed her complaint on February 8, 2008.

entitled to relief, a plaintiff may plead herself out of court. *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992). Here, Hines attached several documents to her Complaint, including a right to sue letter, which this Court will consider.

## DISCUSSION

**The Ninety Day Limitation Under 42 U.S.C. § 2000e-5(f)(1)**

A potential plaintiff must bring suit against the party charged with unlawful employment practices within ninety days of receiving notice of the right to sue. 42 U.S.C. § 2000e-5(f)(1). As such, the EEOC notification of the right to sue sent to Hines states that suit "must be filed <u>WITHIN 90 DAYS</u> of your receipt of this Notice; or your right to sue based on this charge will be lost." Cmplt. at 4. This 90 day period begins to run the on the date that either the plaintiff or plaintiff's counsel actually receives the EEOC right to sue notification. *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1312 (7th Cir. 1984). Hines' attorney received the letter on November 7, 2007; so Hines had until February 5, 2008 to file her suit. However, Hines filed her complaint on February 8, 2008, three days after the 90 day period had passed.[2]

Absent a basis for equitable tolling, even a one day delay beyond the statutory ninety days is fatal to the claim, even in the case of a *pro se* plaintiff. *Wilson v. Doctor's Hosp. of Hyde Park*, 909 F.Supp. 580, 581 (N.D.Ill. 1996) (*pro se* plaintiff filed on the 91st day); *Portillo v. Zebra Tech. Corp.*, 154 Fed.Appx. 505, 507 (7th Cir. 2005) (*pro se* plaintiff filed on the 91st day); see also *Walker v. Monticello Convalescent Ctr.*, No. 86 C 7210, 1986 WL 10998, at *1 (N.D.Ill. Oct. 1, 1986) (in Title VII cases "a miss is as good as a mile" and filing on the 91st day is as fatal to a plaintiff's case as filing one year late).

---

[2] Hines' Complaint is untimely even if this Court begins the ninety day period when Hines herself received her right to sue letter. If Hines received the notification on November 9, 2007, she still would have had to have filed her complaint by or on February 7, 2008.

**Equitable Remedies**

Hines argues in her Response to the Motion to Dismiss that she was unaware that holidays were included in the statutory period and believed that there were six holidays that tolled the ninety day period.[3] She also asserts that her sister became sick and was diagnosed with cancer and her house went into foreclosure during the ninety day period. The Court characterizes these assertions as invoking the defense of equitable tolling and analyzes them accordingly.

The ninety day limitation is not jurisdictional and therefore "subject to waiver, estoppel, and equitable tolling." *Jones*, 744 F.2d at 1314; *Triplett v. Midwest Wrecking Co.*, 155 F.Supp. 2d 932, 935 (N.D.Ill. 2001) (*quoting Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). However, equitable tolling of the 90 day filing period is restricted only to "situations in which the claimant has made a good faith error (e.g. brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint on time." *Jones*, 744 F.2d at 1314.

Hines' confusion regarding whether holidays were included in the ninety day period afforded does not qualify as a good faith error tantamount to filing her suit in the wrong court. *Clark v. Residents' Journal*, No. 02 C 7933, 2003 WL 21518553, at *3 (N.D.Ill. July 2, 2003) (*pro se* plaintiff's mistaken belief that only business days counted toward the 90 day period was not good faith error); *Flaherty v. Illinois Dep't of Corrections*, No. 94 C 1065, 1995 WL 290398, at *2 (N.D.Ill. May 10, 1995) (*pro se* plaintiff's belief that federal holidays did not count did not require equitable tolling). It is also noteworthy here that "one who fails to act diligently cannot invoke

---

[3] Hines asserts a number of factors she believes excuse the untimely filing of her complaint in her Response to SCI's Motion to Dismiss. The Court may consider a *pro se* plaintiff's assertions in response to a motion to dismiss. *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992). In order to fully and fairly assess the issue here, the Court considers Hines' assertions regarding untimeliness of her complaint as presented in her response.

equitable principles to excuse that lack of diligence." *Baldwin Welcome Center v. Brown*, 466 U.S. 147, 151 (1984); see also *Tyler v. Runyon*, 70 F.3d 458, 465 (7th Cir. 1995) (failure to exercise due diligence in preserving legal rights does not warrant equitable tolling); *Luckett v. Rent-a-Center, Inc.*, 53 F.3d 871, 873 (7th Cir. 1995) ("equitable tolling does not protect a party who omits ordinary precautions"). Hines's former counsel informed Hines in an email that she would need to file her complaint within 90 days, by February 7, 2008. Cmplt. at 2. Therefore, Hines was informed that her claim would need to be filed at least by February 7, 2008; yet she filed one day later. In addition, Hines could have easily contacted the Federal Court to determine whether holidays count toward the 90 day period; yet Hines did not do so.

Equitable tolling may also apply if extraordinary circumstances prevented timely filing. *Jones*, 744 F.2d at 1314. However, in such cases, "equitable tolling is granted sparingly," and the threshold to trigger it is very high. *U.S. v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). For example, in *Marcello*, the death of the filing attorney's father several weeks before the deadline did not warrant equitable tolling. *Id.*; see also *Fleming v. Amalgamated Transit Union,* No. 04 C 5302, 2005 WL 1323323, at *3 (N.D.Ill. 2005) (*pro se* plaintiff's medical need and recovery does not meet standard for equitable tolling); *Clark*, No. 02 C 7933, 2003 WL 21518553, at *3 (plaintiff became suddenly ill on 89th and 90th day); *Flaherty*, No. 94 C 1065, 1995 WL 290398 at *2 (equitable tolling limited to cases where plaintiff can demonstrate mental disability amounting to insanity or incompetency). Although the Court sympathizes with Hines regarding her sister's illness and the foreclosure of her home these situations do not rise to the level of extraordinary circumstances that would prevent her in an extraordinary way from filing her complaint on time, thus warranting equitable tolling.

5

For the reasons stated above, SCI's Motion to Dismiss Hines's Complaint is granted with prejudice.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: July 1, 2008